UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOSSIE R. WILLIAMS,

    Plaintiff,

                                CASE NO. 06-CV-14064-PDB-PJK
                                JUDGE PAUL D. BORMAN
                                MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

JANICE N. HOPKINS and
MICHAEL A. COX,

    Defendants.
                                /

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S SEPTEMBER 15, 2006 REQUEST FOR ENTRY OF A TEMPORARY RESTRAINING ORDER**
**(Doc. Ent. 1)**

**I.    RECOMMENDATION:** The Court should deny plaintiff's September 15, 2006, request for a temporary restraining order against the Wayne County Friend of the Court. Doc. Ent. 1.

**II.    REPORT:**

**A.    Background**

In 1979, plaintiff Dossie R. Williams moved from his address at 9000 Clarion, Detroit, Michigan. Doc. Ent. 1 ¶ 5. In 1983, plaintiff and defendant Janice Hopkins, living at 19713 Cheyenne, Detroit, Michigan, had a daughter, Aketha. Doc. Ent. 1 ¶ 1. In April 1996, while the three of them were residing on Cheyenne as a family, defendant Hopkins filed an action against plaintiff in Wayne County Circuit Court. Doc. Ent. 1 ¶ 1.

While plaintiff and defendant Hopkins lived together, defendant Hopkins allegedly filed for Family Independence Agency (FIA) assistance. According to plaintiff, defendant Hopkins "deliberately gave the FIA false information regarding where [plaintiff] lived." Doc. Ent. 1 ¶ 3.

Plaintiff claims that on April 9, 1996, an order was entered requiring him to pay child support in the amount of $8.00 weekly if unemployed or $113 weekly if employed. Plaintiff claims

he was not notified. Doc. Ent. 1 ¶ 4. Apparently, the Wayne County Friend of the Court (FOC)[1] records indicated that plaintiff was served on April 29, 1996 at the 9000 Clarion address. Doc. Ent. 1 ¶ 5.

On June 6, 1997, the FOC seized one half of plaintiff's unemployment benefits. Upon calling the FOC, plaintiff was informed that "a warrant for [his] arrest had been issued." Doc. Ent. 1 ¶ 6. On June 16, 1997, plaintiff went to the FOC. According to plaintiff, the arrest warrant was adjourned and a show cause hearing was set for July 23, 1997. A hearing took place during July 1997. Plaintiff claims that he attended the meeting but defendant Hopkins was not there. Doc. Ent. 1 ¶ 7. The show cause hearing was rescheduled for August 6, 1997, but Hopkins did not show. Doc. Ent. 1 ¶¶ 7-8. Plaintiff was told his payment would be reduced to $20; however, this did not occur. He claims he was also told that "another hearing would be scheduled and that [he] would be notified of the date[.]" However, as of the filing of his complaint, plaintiff still had not heard about such a hearing date. Doc. Ent. 1 ¶ 8.

Plaintiff began working at the Inkster Public Schools System during September 1997. Doc. Ent. 1 ¶ 9. On November 17, 1997, plaintiff "received an income withholding order from the FOC for $123 per week, which was enforced." Doc. Ent. 1 ¶ 9. He claims that, at this time, "we were no longer living together as a family unit and the FOC was garnishing [his] wages[.]" Plaintiff claims he "still provided $250 per pay period in support." According to plaintiff, defendant Hopkins denied initiating a case with the FOC and would not attend hearings which may have clarified matters with the FOC. Doc. Ent. 1 ¶ 10.

---

[1]The Wayne County Friend of the Court [FOC] is a department of the Third Judicial Circuit of Michigan. *See* www.3rdcc.org/foc_main.htm. It "handles cases involving domestic relations consisting of divorce, paternity, child/spouse support, parenting time [visitation], and primary child custody." *See* www.waynecounty.com/courts/fotc.

Plaintiff claims that, pursuant to a 1999 IRS notice, the "FOC seized [his] 1999 income tax refund of $4,358[.]" Apparently, an April 21, 1999 FOC audit determined that plaintiff owed only $900 additional dollars. Plaintiff claims that defendant Hopkins's "refusal to attend the audit hearing after agreeing to do so, crippled [plaintiff's] chance at resolving this matter[.]" Doc. Ent. 1 ¶ 12.

**B.      The Instant Complaint**

On September 15, 2006, plaintiff filed the instant 42 U.S.C. § 1983 complaint which lists as defendants Janice Hopkins and Michael Cox. Plaintiff alleges violations of his Fourth, Fifth, Sixth and Fourteenth Amendment rights and requests the following forms of relief:

> Temporarily restrain the FOC from arresting or detaining me until this issue can be fully resolved to the satisfaction of the Court;
>
> Order the FOC to conduct a fair and impartial hearing that requires both the attendance and sworn testimony of Ms. Janice Hopkins and restores my rights under the 4th, 5th, 6th and 14th Amendments[;]
>
> Sanction Ms. Janice Hopkins the $29,000+ dollars for her deliberate misconduct.

Doc. Ent. 1 at 5. Plaintiff is proceeding in forma pauperis. Doc. Ent. 4.[2]

This case has been referred to me for pretrial matters. Doc. Ent. 11. On February 26, 2007, I entered a scheduling order in which I directed defendants to respond to plaintiff's September 15, 2006 request for entry of a temporary restraining order by Monday, March 19, 2007. Doc. Ent. 12. Defendant Cox filed a March 16, 2007 brief in opposition to plaintiff's request for a preliminary

---

[2]On December 6, 2006, Judge Borman entered an order denying without prejudice plaintiff's application for appointment of counsel under 28 U.S.C. § 1915(e). Doc. Ent. 5. Defendants' answers were filed during February 2007. Doc. Entries 8, 10.

3

injunction (Doc. Ent. 15), and defendant Hopkins filed a March 19, 2007 response to plaintiff's request for temporary restraining order (Doc. Ent. 16).[3]

**C.     Analysis**

"Four factors must be considered and balanced by the district court in making its determination: '(1) whether the plaintiff has established a substantial likelihood or probability of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief.'" *Warshak v. United States*, No. 06-4092, 2007 WL 1730094, *5 (6th Cir. June 18, 2007) (quoting *Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir .2000)).

> In the final paragraph of his complaint, plaintiff states:
>
> At this time, my daughter Aketha is in college. I am unemployed, having been so since 2001 and exhausted all unemployment benefits. Her case ended July 28, 2001[4] and no new charges are being added on her behalf. However, these additional charges, the result of an incorrect balance continue to increase because of the [4%] surcharges. Further, FOC is currently threatening me with arrest and incarceration if I don't pay the now $29,000+ dollars. I cannot pay and would like to know if the State can break the law to enforce the law.

Doc. Ent. 1 ¶¶ 11, 13.

In her response, defendant Hopkins, who is represented by counsel, states she "is not aware of any attempt or threatened attempt of the Friend of the Court to arrest or detain Plaintiff." Doc. Ent. 16. Furthermore, she provides a copy of what is allegedly the most recent child support court order - (A) a December 11, 2006 recommendation by the referee that (1) FOC "audit the account

---

[3]Defendant Cox's March 16, 2007 motion to dismiss (Doc. Ent. 14), regarding which I entered a scheduling order (Doc. Ent. 18) and to which plaintiff has filed a response (Doc. Ent. 19), is still pending before this Court and will be addressed in a separate report and recommendation.

[4]Presumably, this is Aketha's 18th birthday.

4

to determine if the March 24, 2005 order was processed and surcharges adjusted accordingly;" (2) "reduce the income withholding order to $450.00 per month pending the results of the audit;" and (3) send the audit results to Hopkins and Williams and (B) a January 17, 2007, order by Judge Megan Maher-Brennan of Wayne County Circuit Court requiring those recommendations. Doc. Ent. 16 at 3 (*Hopkins v. Williams,* Wayne County Circuit Court Case No. 96-650398-DS). Defendant Hopkins requests that, in the event the Court enters a temporary restraining order, "the support order currently in effect be complied with as a condition thereof." Doc. Ent. 16 at 1-2.

In his response, defendant Cox correctly notes that FOC is a non-party. He further notes that "the Child Support Division of the Michigan Department of Attorney General has not initiated any action against Plaintiff." Doc. Ent. 15 at 4. As to the temporary restraining order factors, defendant Cox contends that plaintiff "has failed to state a claim against [defendant Cox] upon which relief may be granted, and Plaintiff cannot prevail on the merits." Defendant Cox further contends:

> Plaintiff has failed to name the party that he seeks to enjoin from arresting him as a party to this action, and any injunction issued in this case would be without legal effect. Plaintiff's failure to join the Wayne County Friend of the Court to this action is fatal to his request for a temporary injunction.

Doc. Ent. 15 at 5.

In light of the foregoing, the Court should deny plaintiff's request for a temporary restraining order as to the FOC. The FOC is not a party to this case, nor is it currently before the Court.[5] Therefore, this Court does not have jurisdiction over it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) ("The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant.").

---

[5]Two copies of the complaint were delivered to the U. S. Marshal for service of process. Doc. Ent. 6. Each defendant (Hopkins and Cox) has returned an executed waiver of service. Doc. Entries 7 and 13.

5

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers*, AFL-CIO, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated: 6/28/07

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on June 28, 2007.

s/Eddrey Butts  
Case Manager