UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOSSIE R. WILLIAMS,

    Plaintiff,

                              CASE NO. 06-CV-14064-PDB-PJK
                              JUDGE PAUL D. BORMAN
                              MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

JANICE N. HOPKINS and
MICHAEL A. COX,

    Defendants.
                                 /

**REPORT AND RECOMMENDATION REGARDING
DEFENDANT COX'S MOTION TO DISMISS (Doc. Ent. 14)**

**I.**     **RECOMMENDATION:** The Court should grant in part and deny in part defendant Cox's motion to dismiss. Specifically, the Court should grant the motion to the extent it seeks dismissal of the complaint as to defendant Cox for failure to state a claim against him. However, the Court should deny as premature defendant Cox's request for an award of court costs and attorney fees.

**II.**     **REPORT:**

**A.**     **Background**

In 1979, plaintiff Dossie R. Williams moved from his address at 9000 Clarion, Detroit, Michigan. Doc. Ent. 1 ¶ 5. In 1983, plaintiff and defendant Janice Hopkins, living at 19713 Cheyenne, Detroit, Michigan, had a daughter, Aketha. Doc. Ent. 1 ¶ 1. In April 1996, while the three of them were residing on Cheyenne as a family, defendant Hopkins filed an action against plaintiff in Wayne County Circuit Court. Doc. Ent. 1 ¶ 1.

While plaintiff and defendant Hopkins lived together, defendant Hopkins allegedly filed for Family Independence Agency (FIA)[1] assistance. According to plaintiff, defendant Hopkins "deliberately gave the FIA false information regarding where [plaintiff] lived." Doc. Ent. 1 ¶ 3.

Plaintiff claims that on April 9, 1996, an order was entered requiring him to pay child support in the amount of $8.00 weekly if unemployed or $113 weekly if employed. Plaintiff claims he was not notified. Doc. Ent. 1 ¶ 4. Apparently, the Wayne County Friend of the Court (WCFOC) records indicated that plaintiff was served on April 29, 1996 at the 9000 Clarion address. Doc. Ent. 1 ¶ 5.

On June 6, 1997, the FOC seized one half of plaintiff's unemployment benefits. Upon calling the FOC, plaintiff was informed that "a warrant for [his] arrest had been issued." Doc. Ent. 1 ¶ 6. On June 16, 1997, plaintiff went to the FOC. According to plaintiff, the arrest warrant was adjourned and a show cause hearing was set for July 23, 1997. A hearing took place during July 1997. Plaintiff claims that he attended the meeting but defendant Hopkins was not there. Doc. Ent. 1 ¶ 7. The show cause hearing was rescheduled for August 6, 1997, but Hopkins did not show. Doc. Ent. 1 ¶¶ 7-8. Plaintiff was told his payment would be reduced to $20; however, this did not occur. He claims he was also told that "another hearing would be scheduled and that [he] would be notified of the date[.]" However, as of the filing of his complaint, plaintiff still had not heard about such a hearing date. Doc. Ent. 1 ¶ 8.

Plaintiff began working at the Inkster Public Schools System during September 1997. Doc. Ent. 1 ¶ 9. On November 17, 1997, plaintiff "received an income withholding order from the FOC for $123 per week, which was enforced." Doc. Ent. 1 ¶ 9. He claims that, at this time, "we were no longer living together as a family unit and the FOC was garnishing [his] wages[.]" Plaintiff

---

[1]"The Family Independence Agency [has been] renamed the Department of Human Services." Mich. Comp. Laws § 400.226.

claims he "still provided $250 per pay period in support." According to plaintiff, defendant Hopkins denied initiating a case with the FOC and would not attend hearings which may have clarified matters with the FOC. Doc. Ent. 1 ¶ 10.

Plaintiff claims that, pursuant to a 1999 IRS notice, the "FOC seized [his] 1999 income tax refund of $4,358[.]" Apparently, an April 21, 1999 FOC audit determined that plaintiff owed only $900 additional dollars. Plaintiff claims that defendant Hopkins's "refusal to attend the audit hearing after agreeing to do so, crippled [plaintiff's] chance at resolving this matter[.]" Doc. Ent. 1 ¶ 12.

**B.     The Instant Complaint**

On September 15, 2006, plaintiff filed the instant 42 U.S.C. § 1983 complaint which lists as defendants Janice Hopkins and Michigan Attorney General Michael Cox. Plaintiff alleges violations of his Fourth, Fifth, Sixth and Fourteenth Amendment rights and requests the following forms of relief:

> Temporarily restrain the FOC from arresting or detaining me until this issue can be fully resolved to the satisfaction of the Court;
>
> Order the FOC to conduct a fair and impartial hearing that requires both the attendance and sworn testimony of Ms. Janice Hopkins and restores my rights under the 4th, 5th, 6th and 14th Amendments[;]
>
> Sanction Ms. Janice Hopkins the $29,000+ dollars for her deliberate misconduct.

Doc. Ent. 1 at 5. Plaintiff is proceeding in forma pauperis. Doc. Ent. 4.[2] Defendants' answers were filed during February 2007. Doc. Entries 8, 10.

---

[2]On December 6, 2006, Judge Borman entered an order denying without prejudice plaintiff's application for appointment of counsel under 28 U.S.C. § 1915(e). Doc. Ent. 5.

This case has been referred to me for pretrial matters. Doc. Ent. 11. On June 28, 2007, I entered a report and recommendation that the Court deny plaintiff's request for a temporary restraining order against the WCFOC. Doc. Ent. 20.

**C.      Defendant Cox's Motion to Dismiss**

On March 16, 2007, defendant Cox filed a motion to dismiss, arguing that "[p]laintiff's complaint is wholly devoid of any factual allegations relevant to Defendant [] Cox and should be dismissed . . . under [Fed. R. Civ. P.] 12(b)(6)." Doc. Ent. 14 at 5, at 1 ¶ 1. Defendant Cox also argues that "[p]laintiff fails to state a claim on which relief can be granted against Defendant [] Cox in [the] Complaint." Doc. Ent. 14 at 1 ¶ 2.

On March 28, 2007, I entered a scheduling order requiring plaintiff to file any response to defendant Cox's motion by April 18, 2007. Doc. Ent. 18. On April 17, 2007, plaintiff filed his response. Doc. Ent. 19.

**D.      Fed. R. Civ. P. 12 ("Defenses and Objections")**

Federal Rule of Civil Procedure 12 sets forth rules regarding defenses and objections. As to how defenses and objections should be presented, the rule states in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted[.]

Federal Rules of Civil Procedure 12(b)(6). "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b).

4

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-1965 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true[.]" *Bell Atlantic Corp.*, 127 S. Ct. at 1965 (citations and quotations omitted). It is not enough that "the pleadings [leave] open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Id*. at 1968. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1970. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. Claims should be "nudged . . . across the line from conceivable to plausible" to avoid dismissal. *Id.*

The reviewing court must construe the complaint in the light most favorable to plaintiff and must presume all factual allegations in the complaint as true. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The purpose of Rule 12(b)(6) is to give defendant the opportunity to test whether plaintiff is entitled to legal relief as a matter of law even if everything alleged in the complaint is true. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). A dismissal under Rule 12(b)(6) is generally disfavored by courts, as it is a dismissal on the merits. 2A JAMES W. MOORE, MOORE'S FEDERAL PRACTICE ¶ 12.07 (2d ed. 1995).

**E.     Analysis**

**1.     Defendant Cox's motion should be granted to the extent it seeks dismissal of the complaint against him.**

In the final paragraph of his complaint, plaintiff states:

> At this time, my daughter Aketha is in college. I am unemployed, having been so since 2001 and exhausted all unemployment benefits. Her case ended July 28, 2001[3] and no new charges are being added on her behalf. However, these additional charges, the result of an incorrect balance continue to increase because of the [4%] surcharges. Further, FOC is currently threatening me with arrest and incarceration if I don't pay the now $29,000+ dollars. I cannot pay and would like to know if the State can break the law to enforce the law.

Doc. Ent. 1 ¶¶ 11, 13. Defendant Cox is mentioned in the caption of plaintiff's complaint. Doc. Ent. 1 at 1, 3, 6, 8. Although defendant Cox is named in "his capacity as Attorney General of the State of Michigan[,]" Doc. Ent. 1 at 5, he is not mentioned in the substance of the complaint, Doc. Ent. 1 at 3-5 ¶¶ 1-13.[4] Also, the complaint's three-paragraph prayer for relief does not mention defendant Cox's name; it only mentions the WCFOC and defendant Hopkins. Doc. Ent. 1 at 5.

Defendant Cox contends that "[p]laintiff's Complaint does not allege any role played by Defendant Michigan Attorney General Michael A. Cox in his dispute with Defendant Hopkins and Non-Party Wayne County Friend of the Court." Doc. Ent. 14 at 4.[5] According to defendant Cox, "[p]laintiff has done no more than attach [d]efendant Cox's name to his Complaint[,]" and "there are no factual allegations relevant to Defendant Cox[.]" Doc. Ent. 14 at 5.

"Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *U. S. ex rel. Brzozowski v. Randall*, 281 F.Supp.

---

[3]Presumably, this is Aketha's 18th birthday.

[4]The complaint does mention that the state adds a surcharge biannually to plaintiff's outstanding balance, and it also asks whether the "State can break the law to enforce the law." Doc. Ent. 1 at 5 ¶¶ 11, 13. However, I do not interpret this as an allegation against Michigan's Attorney General - defendant Cox.

[5]According to defendant Cox, upon information and belief "the Child Support Division of the Michigan Department of Attorney General does not have a pending case involving Plaintiff[,]" and "has not initiated any action against Plaintiff." Doc. Ent. 14 at 4-5.

306, 312 (E. D. Pa.1968)). *See also Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) ("Krych failed to state any claim whatsoever against Stender and Fitzloff-Meyer because he merely listed these individuals as defendants in his complaint and did not allege they were personally involved in the constitutional violations.") (citing *Potter*, 497 F.2d at 1207); *Grinage v. Hofbauer*, NO. 107-CV-41, 2007 WL 1341776, *1 (W. D. Mich. May 4, 2007) ("A *pro se* complaint that merely names persons as defendants but fails to allege any specific conduct against them is subject to summary dismissal as frivolous."); *Eckford-El v. Toombs*, 760 F.Supp. 1267, 1272-1273 (W. D. Mich. 1991) ("The allegations of plaintiff's complaint are insufficient to establish that defendants Toombs, Williams, Thompson, or Hartman were personally involved in the allegedly wrongful activity, even under the liberal review accorded to pro se actions. . . . The only mention of defendants Williams's and Hartman's names is in the caption of plaintiff's complaint."); *Thompson v. Theut*, NO. 2:06CV258, 2007 WL 773392, *4 (W. D. Mich. Jan. 8, 2007) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.").

Furthermore, construing plaintiff's complaint as true, there are no set of facts that would support his claim against defendant Cox. Plaintiff mistakenly thought that the WCFOC is under the supervision or a division of the Michigan Attorney General's Office. In fact, the WCFOC "is an employee of the circuit court in the judicial circuit served by the friend of the court." Mich. Comp. Laws § 552.503(4). The WCFOC is a department of the Third Judicial Circuit of Michigan. *See* www.3rdcc.org/foc_main.htm. It "handles cases involving domestic relations consisting of divorce, paternity, child/spouse support, parenting time [visitation], and primary child custody." *See* www.waynecounty.com/courts/fotc.

Plaintiff acknowledges as much in response to defendant Cox's motion to dismiss. Plaintiff, who filed his complaint pro se, "presumed that [defendant Cox] could and would direct [the

7

WCFOC] and Janice Hopkins, to correct and discontinue the wrongful actions being perpetrated against [plaintiff]." Doc. Ent. 19 at 1. He stated that if defendant Cox "is not Accountable for the Actions of The [WCFOC] . . . then I have no problem with him being eliminated from my request." Doc. Ent. 19 at 2.[6]

Accordingly, the Court should dismiss the instant complaint against defendant Cox.

**2.     Defendant Cox's motion should be denied as premature to the extent it seeks an award of court costs or attorney fees.**

According to defendant Cox, his counsel sought concurrence from plaintiff on March 15, 2007, and plaintiff's unwillingness to concur necessitated this motion.[7] Doc. Ent. 14 at 1 ¶ 3. Defendant Cox seeks an award of attorney fees and costs "for responding to this frivolous action." Doc. Ent. 14 at 2 ¶ 3, 6.

It is not clear from defendant Cox's motion on which bases he is seeking an award of costs and attorney fees. Therefore, the Court may only assume that defendant Cox's request for costs is based upon 28 U.S.C. § 1920 ("Taxation of costs").[8] Likewise, the Court may only assume that

---

[6]Within his April 17, 2007 response, plaintiff seeks to amend his complaint to name the WCFOC as a defendant. He also seeks appointment of pro bono legal counsel, mentioning that his source of income (social security) is being reduced by the WCFOC on defendant Hopkins's behalf. Doc. Ent. 19 at 2. Any motion to amend the complaint is best filed separately pursuant to Fed. R. Civ. P. 15. Any motion for the appointment of pro bono counsel is best filed separately and should explain any change in circumstances since the Court's December 6, 2006 order (Doc. Ent. 5) denying without prejudice plaintiff's September 15, 2006 application for appointment of counsel (Doc. Ent. 3).

[7]E. D. Mich. LR 7.1(a) requires a moving party to seek concurrence in motions. In part, it states that "[t]he court may tax costs for unreasonable withholding of consent." E. D. Mich. LR 7.1(a)(3). This report assumes that defendant Cox's requests for costs at issue here was not based upon Rule 7.1(a)(3), because his request for costs and attorney fees is more broadly based upon "responding to this frivolous action." Doc. Ent. 14 at 2 ¶ 3, 6.

[8]Defendant Cox has filed four (4) items in this case: an attorney appearance (Doc. Ent. 9); an answer to the complaint (Doc. Ent. 10); the instant motion to dismiss (Doc. Ent. 14) and a response to plaintiff's request for a preliminary injunction (Doc. Ent. 15).

8

defendant Cox's request for attorney fees is based upon 42 U.S.C. § 1988 ("Proceedings in vindication of civil rights").

Providing these assumptions are true, defendant Cox's request for costs and attorney fees is premature. As to costs other than attorney fees, Rule 54(d)(1) provides:

> (1) Costs Other than Attorneys' Fees. Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

Fed. R. Civ. P. 54(d)(1). Should the Court enter judgment in favor of defendant Cox, then he may present a bill of costs to the clerk of the Court in accordance with 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1).

As to attorney fees, Rule 54(d)(2) states in pertinent part that . . . "[u]nless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment; ***must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought***. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made." Fed. R. Civ. P. 54(d)(2)(B) (emphasis added). As it currently stands, defendant Cox's request for an award of attorney fees does not comply with Fed. R. Civ. P. 54(d)(2)(B), and it should be denied as premature. *Owens v. Howe*, 365 F.Supp.2d 942, 949 (N. D. Ind. 2005) (In a Fair Debt Collection Practices Act (FDCPA) case the court stated, "[m]oreover, [plaintiff's] additional request for attorney fees as part of his motion [for summary judgment] was premature given that Rule 54(d)(2)(B) first requires the entry of a judgment."). Should the Court enter judgment in favor of defendant Cox, they he may file a motion for attorney fees in accordance with 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d)(2).

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers*, AFL-CIO, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: 7/12/07

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on July 12, 2007.
>
> s/Eddrey Butts
> Case Manager